IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRENNAN ROOSEVELT TRASS,**

        **Plaintiff,**

    v.                                   CASE NO. 18-3223-SAC

**TOM STANTON, et al.,**

        **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

During the six months preceding this action, plaintiff had total deposits of $2,695.70. The Court has calculated an initial partial

filing fee of $89.50 based on that information. After he pays the initial partial filing fee, plaintiff remains responsible for the balance of the $350.00 filing fee.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not

accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

Plaintiff sues Tom Stanton, the Deputy District Attorney of Reno County alleging official misconduct. He also sues the Reno County Commission, alleging that it is "responsible for the conduct, and or misconduct of the District Attorney's office." (Doc. #1, p. 2.)

Plaintiff alleges that the defendant district attorney stated on September 23, 2016, in a hearing that the criminal case against plaintiff would be within the speedy trial period on January 10, 2017. Plaintiff claims the defendant knew this information was false and deliberately and maliciously misrepresented the facts to encourage his acquiescence in that trial setting. He states that on September 27, 2016, the jury trial was advanced to December 12, 2016, due to speedy trial deadlines[1].

Plaintiff's claim against defendant Stanton fails to state a claim for relief. As a state prosecutor, this defendant is absolutely immune from a suit for damages for action taken within the scope of his prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). This immunity applies even when the prosecutor is charged with acting "maliciously, wantonly, or negligently." *Imbler*, 424 U.S. at 430-31 (1976). Therefore, plaintiff's claim against defendant Stanton for his argument in the state district court is subject to dismissal.

Likewise, plaintiff's claim against the county commission fails to state a claim for relief. To impose liability under § 1983 against a county or its officials for acts taken by an employee, plaintiff must show both that the employee committed a constitutional violation and that a county custom or policy was "the moving force" behind that violation. *Myers v. Oklahoma County Bd. of County Commr's*, 151 F.3d 1313, 1318(10th Cir. 1998)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). Plaintiff has not plausibly pled

---

[1] A review of on-line records maintained by the state district court shows that the jury trial has been continued to November 5, 2018. Case No. 2015-CR-000661, District Court of Reno County, Kansas. While a federal district court ordinarily does not consider matters outside of a civil rights complaint when deciding whether the action should be dismissed for failure to state a claim for relief, it may consider public records and any other material suitable for judicial notice under Federal Rule of Evidence 201(b).

a constitutional violation by a county employee, nor does he identify any policy or custom that would support liability against the county commission. Therefore, his claim against the county commission also is subject to dismissal.

## Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **September 21, 2018,** plaintiff shall submit an initial partial filing fee of $89.50 to the Clerk of the Court.

IT IS FURTHER ORDERED that on or before **September 21, 2018,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 29th day of August, 2018, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge