IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENNAN R. TRASS,

                Plaintiff,

       v.                                CASE NO. 18-3223-SAC

TOM STANTON, et al.,

                Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to add defendants and amend his civil complaint (Doc. #5) and motion for extension of time and court order to provide access to legal materials (Doc. #6).

Plaintiff is a pretrial detainee held at the Reno County Correctional Facility. On August 24, 2018, he filed this action under 42 U.S.C. §1983. On August 29, 2018, the Court entered a Notice and Order to Show Cause (NOSC) assessing an initial partial filing fee and directing plaintiff to show cause why the matter should not be dismissed.

### Discussion

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course either before the responding party answers or within 21 days after service of a responsive pleading. Service has not been ordered in this matter, and the proposed amendment is timely.

However, where a proposed amendment to the complaint would be subject to dismissal, the amendment is futile and the court should deny the request to amend the complaint. *Jefferson Cty. Sch. Dist.*

*v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir. 1999).

Here, plaintiff moves to amend the complaint to add claims against four attorneys, three of them public defenders and the fourth an attorney in private practice. It appears these persons formerly represented him at some point in his ongoing criminal case.

To state a claim under § 1983, plaintiff must allege acts by government officials acting under color of law that result in the deprivation of rights protected by the United States Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is settled law that public defenders cannot be sued under §1983 because they do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 315 (1981). Neither private counsel nor a public defender acts under color of state law while serving in the role of an advocate for a criminal defendant. *Polk*, 454 U.S. at 325. Therefore, to the extent plaintiff asserts claims against these defendants for actions taken in their role as advocates, he fails to state a claim for relief, and the proposed amendment is futile.

Finally, while plaintiff broadly alleges that the private attorney he names in the proposed amendment colluded with the prosecuting attorney to deny him his right to a speedy trial, he makes only bare allegations that are insufficient to state a claim for relief.[1] To state a claim of conspiracy, plaintiff "must specifically plead 'facts tending to show agreement and concerted action.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005)(quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510 512 (10th Cir. 1983)).

The Court finds the amendment proposed by plaintiff would be

---

[1] In addition, the Court has reviewed on-line state court records and notes that no finding of a speedy trial violation has been made in plaintiff's criminal case. www.kansas.gov/countyCourts/search, Case No. 2015-cr-000661, Reno County District Court.

subject to dismissal and that the amendment is futile. The Court therefore will deny the motion to amend.

Plaintiff also seeks an extension of time to pay the initial partial filing fee and to obtain access to a law library.

While a prisoner has a constitutional right of access to the courts, *Lewis v. Casey*, 518 U.S. 343, 350 (1996), there is no "abstract, freestanding right to a law library or legal assistance" but only to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id*. at 350-51 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). The right of access protects "only [a right] to present … grievances to the courts" and "guarantees no particular methodology but rather the conferral of a capability – the capability of presenting contemplated challenges to sentences or conditions of confinement before the courts." *Id*. at 354, 356.

In this case, the pleadings submitted by the plaintiff contain legal citations and a reasonably detailed explanation of his claims. The Court finds that plaintiff has been provided with the means to to present his claims and finds no basis to order any additional access to resources.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to add defendants and amend the complaint (Doc. #5) is denied.

IT IS FURTHER ORDERED plaintiff's combined motion for extension of time to pay initial partial filing and respond to the NOSC and motion to order the correctional facility to provide access to a law library is granted in part and denied in part. Plaintiff is granted to and including **October 1, 2018,** to submit the initial partial filing fee and respond to the NOSC. Plaintiff's request for an order directing

access to a law library is denied.

**IT IS SO ORDERED.**

DATED:  This 18th day of September, 2018, at Topeka, Kansas.

                                                  S/ Sam A. Crow
                                                  SAM A. CROW
                                                  U.S. Senior District Judge